ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X
                                    :
UNITED STATES OF AMERICA            :
                                    :
         - v. -                     :     SUPERSEDING INDICTMENT
                                    :
ADAM SAMIA,                         :     S8 13 Cr. 521 (LTS)
  a/k/a "Sal,"                      :
  a/k/a "Adam Samic," and           :
CARL DAVID STILLWELL,               :
  a/k/a "David Stillwell,"          :
  a/k/a "JT,"                       :
                                    :
                   Defendants.      :
- - - - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 2 2 2015

## OVERVIEW

1.   During in or about 2011 and 2012, ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, both United States citizens, agreed to commit murders-for-hire in overseas locations in exchange for monthly salaries and bonus payments for each victim.  In early 2012, SAMIA and STILLWELL traveled from North Carolina to the Philippines, where they obtained, among other things, information about their intended victims and firearms to use to commit the murders.

2.   In or about January and February 2012, ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants,

surveilled their intended victims in the Philippines as they formulated their plans for the murders. On or about February 12, 2012, SAMIA and STILLWELL killed one of their intended victims -- a Filipino woman -- in the Philippines by shooting her in the face multiple times ("Victim-1"). After killing Victim-1 and disposing of her body on a pile of garbage, SAMIA and STILLWELL had the payments they received for the murder sent to the United States by, among other methods, structured wire transfers.

3. In or about late February and early March 2012, SAMIA and STILLWELL returned from the Philippines to North Carolina, where they both currently reside.

### THE DEFENDANTS

4. ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," the defendant, is a self-described "Personal Protection/Security Industry" professional. According to SAMIA's résumé, he has worked as an "Independent Contractor" for clients in the Philippines, China, Papua New Guinea, the Democratic Republic of the Congo, and the Republic of the Congo; and has training in tactics and weapons, including handguns, shotguns, rifles, sniper rifles, and machineguns.

5. CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendant, resides in the vicinity of the same

city in North Carolina as ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," the defendant. According to STILLWELL's résumé, he has training and experience in the field of information technology and has worked at a firm in North Carolina that provides firearms training.

## COUNT ONE

**(Conspiracy To Murder And Kidnap In A Foreign Country)**

The Grand Jury charges:

6.  From at least in or about 2011, up to and including in or about July 2014, in the Philippines, North Carolina, Massachusetts, and elsewhere, ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, in an offense for which at least one of two or more joint offenders has been arrested and first brought to the Southern District of New York, intentionally and knowingly did combine, conspire, confederate and agree together and with each other, within the jurisdiction of the United States, to commit, at a place outside the United States, acts that would constitute the offenses of murder and kidnapping if committed in the special maritime and territorial jurisdiction of the United States.

### Overt Acts

7.  In furtherance of the conspiracy and to effect the illegal objects thereof, ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, and others known and unknown, committed, among others, the following overt acts:

   a.  On or about October 19, 2011, while SAMIA was located in the United States, a co-conspirator not named as a defendant herein ("CC-1") sent an email to SAMIA that stated, in substance and in part: "Boss says you are on standby until the other guy is ready and you guys will come here together for Ninja stuff. . . . We want you guys, but are just waiting until you and your partner can get on the same time table."

   b.  On or about December 7, 2011, CC-1 sent an email to the individual described above as "Boss" ("The Boss") that stated, in substance and in part, "Adam will be leaving on the 8th and will be here on the 9th and the other guy will leave on the 10th and be here the 11th.  The WU [i.e., Western Union] of $1,625 goes to:  Adam Samia Roxboro, North Carolina USA."

   c.  On or about January 2, 2012, CC-1 sent an email to SAMIA that stated, in substance and in part, that when SAMIA arrived in the Philippines SAMIA should travel via taxi from

Manila International Airport to a particular location in the Philippines.

    d. On or about January 3, 2012, while STILLWELL was located in the United States, SAMIA sent an email to STILLWELL that included, in substance and in part, the instructions provided to SAMIA by CC-1 on or about January 2, 2012.

    e. On or about January 8, 2012, SAMIA departed from Raleigh-Durham International Airport in North Carolina to Manila, Philippines.

    f. On or about January 9, 2012, SAMIA sent an email to STILLWELL that stated, in substance and in part, that STILLWELL should "[d]o what the instructions say," and "the taxi should cost like 220P [i.e., Philippines pesos] with the tip."

    g. On or about January 10, 2012, STILLWELL departed from Raleigh-Durham International Airport in North Carolina to Manila, Philippines.

    h. On or about January 23, 2012, CC-1 sent an email to The Boss requesting firearms and silencers that stated, in substance and in part:

> Hey, I need the following things:
> 1 MP5 SD
> 1 Rifle Silenced with optics
> 1 .22 or 380 Pistol Silienced

i.  On or about January 23, 2012, SAMIA sent an email to CC-1 that stated, in substance and in part:

> Hey Bro we are going to need some OP funds ($3000.00) we both are just about broke we have spent all are money on finding a place to live, the car, phone load, food, taxi's looking for a place to live, internet, stuff for here an more. I got them to throw in a bed an ac so the boss does not have to buy them trying to save were I can!

j.  On or about January 24, 2012, CC-1 sent an email to The Boss that stated, in substance and in part: "The stuff I received today is good. But, would like a bigger caliber rifle to go along with the small caliber one I received today."

k.  On or about January 24, 2012, CC-1 sent an email to The Boss that stated, in substance and in part, that "Sal" and "JT" would each be owed "35,000" "upon Mission Success."

l.  On or about February 2, 2012, SAMIA sent an email to STILLWELL that included a vehicle description and a location in the Philippines believed to be associated with Victim-1 and stated, in substance and in part, "[s]he goes home there but [is] always out of the house."

m.  On or about February 4, 2012, CC-1 sent an email to The Boss that stated, in substance and in part:

> I have all the receipts for the Visas and I was short 3,500 pesos.  We need another 1,400 for a laptop computer bag that we modified to hold the tool for concealment.

6

> Also, the guys need more gas money, probably
> 8,600 pesos for gas and tolls for the month.
> They say this [location in the Philippines]
> place is a 2 and half hour drive each way.
> Total needed listed above is 13,500 pesos.

    n.    On or about February 12, 2012, SAMIA and STILWELL murdered Victim-1 in the Philippines by shooting her in the face multiple times.

    o.    On or about February 12, 2012, SAMIA and STILWELL disposed of Victim-1's body on a pile of garbage in the Philippines.

    p.    On or about February 14, 2012, SAMIA sent an email to CC-1 that stated, in substance and in part:

> Hey Bro here is our expense report since we
> have been here you ask for have all
> receipts, for reimbursement . . . The rent
> is also d[ue] by the 18th. Rent, dues,
> parking are d[ue] on the 18th, $28p
> [referring to Philippines pesos].

    q.    On or about February 16, 2012, STILLWELL caused approximately $4,500 to be transferred from the Philippines to an individual in the United States with an address in North Carolina ("Individual-1").

    r.    On or about February 17, 2012, SAMIA caused approximately $9,000 to be transferred from the Philippines to an individual in the United States with an address in Massachusetts ("Individual-2").

      s.    On or about February 20, 2012, STILLWELL caused approximately $7,000 to be transferred from the Philippines to an individual in the United States with an address in North Carolina ("Individual-3").

      t.    On or about February 21, 2012, STILLWELL caused approximately $5,000 to be transferred from the Philippines to Individual-1 in the United States.

      u.    On or about February 21, 2012, SAMIA caused approximately $9,000 to be transferred from the Philippines to an individual in the United States with an address in North Carolina ("Individual-4").

      v.    On or about February 27, 2012, SAMIA sent an email to CC-1 that stated, in substance and in part: "Hey just wanted to let you know JT is rolling state side the 29th of FEB, I am heading out the 6th of March, I will drop of[f] the car the 5th."

      w.    On or about February 27, 2012, STILLWELL caused approximately $7,000 to be transferred from the Philippines to Individual-3 in the United States.

      x.    On or about February 28, 2012, SAMIA -- using the alias "Adam Samic" -- caused approximately $6,000 to be transferred from the Philippines to STILLWELL.

y.   On or about February 29, 2012, STILLWELL departed from the Philippines to Raleigh-Durham International Airport in North Carolina.

z.   On or about March 3, 2012, SAMIA caused approximately $8,000 to be transferred from the Philippines to Individual-4 in the United States.

aa.   On or about March 8, 2012, SAMIA departed from the Philippines to Raleigh-Durham International Airport in North Carolina.

bb.   On or about May 18, 2012, CC-1 sent an email to SAMIA that stated, in substance and in part:

> Maybe there is some miscommunication or something, because I sure do not understand. First, when I say I need you there ASAP, I meant two days ago or yesterday. I have been more the lenient with you as far as your wishes. Either, you want a job or you do not. . . .  You are not answering my emails in a timely manner and you are not answering my phone calls at all. I need team members that can get a job done!!!
>
> [. . .]
>
> Let me explain, you signed up for a job with JT, in which I am responsible for both of you. I am expected to get these things done. You said you wanted the job. First, I waited a year for you to be available because of your other plans. Then you finally come onboard, do one sloppy job which could have endangered everyone and left. . . .

9

(Title 18, United States Code,
Sections 956(a)(1), 956(a)(2)(A), and 3238.)

## COUNT TWO

### (Using And Carrying A Firearm During And In Relation To A Crime Of Violence)

The Grand Jury further charges:

8.   From at least in or about January 2012, up to and including in or about March 2012, ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, in an offense for which at least one of two or more joint offenders has been arrested and first brought to the Southern District of New York, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit, the conspiracy to murder and kidnap in a foreign country charged in Count One of this Indictment, knowingly did use and carry firearms, and in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which firearms were discharged.

(Title 18, United States Code,
Sections 924(c)(1)(A)(iii), 3238, and 2.)

## COUNT THREE

(Conspiracy To Commit Money Laundering)

The Grand Jury further charges:

9. From at least in or about 2011, up to and including July 2014, in the Philippines, North Carolina, Massachusetts, and elsewhere, ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, in an offense for which at least one of two or more joint offenders has been arrested and first brought to the Southern District of New York, intentionally and knowingly did combine, conspire, confederate and agree together and with each other, to commit money laundering offenses in violation of Title 18, United States Code, Sections 1956 and 1957.

10. It was a part and an object of the conspiracy that ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to or through a place outside the United States and to a place in the United States from or

11

through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, the conspiracy to murder and kidnap in a foreign country charged in Count One of this Indictment, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

   11. It was further a part and an object of the conspiracy that ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to or through a place outside the United States and to a place in the United States from or through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, the conspiracy to murder and kidnap in a foreign country charged in Count One of this

Indictment, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

12. It was further a part and an object of the conspiracy that ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to or through a place outside the United States and to a place in the United States from or through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, to wit, the conspiracy to murder and kidnap in a foreign country charged in Count One of this Indictment, and knowing that such transportation, transmission, and transfer was designed in whole or in part to avoid a transaction reporting requirement under State or Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii).

13. It was further a part and an object of the conspiracy that ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and

CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, who are United States persons, and others known and unknown, in an offense involving and affecting interstate and foreign commerce and that took place, in part, in the United States, would and did knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, to wit, the conspiracy to murder and kidnap in a foreign country charged in Count One of this Indictment, in violation of Title 18, United States Code, Section 1957.

### Overt Acts

14.   In furtherance of the conspiracy and to effect the illegal objects thereof, ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, and others known and unknown, committed, among others, the overt acts set forth in paragraph 7 of this Indictment, which are fully incorporated by reference herein.

(Title 18, United States Code, Sections 1956(h) and 3238.)

## FORFEITURE ALLEGATION

### (As to Count One)

15.  As a result of committing the offense of conspiracy to murder and kidnap in a foreign country, as charged in Count One of this Indictment, ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real and personal, which constitutes and is derived from proceeds traceable to the violation alleged in Count One of this Indictment.

## FORFEITURE ALLEGATION

### (As to Count Two)

16.  As a result of committing the offense of carrying and using a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence, as charged in Count Two of this Indictment, ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and

ammunition involved and used in the commission of the offense charged in Count Two.

## FORFEITURE ALLEGATION

### (As to Count Three)

17. As a result of committing the money laundering conspiracy offense charged in Count Three of this Indictment, ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in the offense charged in Count Three of this Indictment and all property traceable to such property.

### Substitute Assets Provision

18. If any of the forfeitable property described in paragraphs 15, 16, and 17 above, as a result of any act or omission of ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981 and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

ADAM SAMIA,
a/k/a "Sal,"
a/k/a "Adam Samic," and
CARL DAVID STILLWELL,
a/k/a "David Stillwell,"
a/k/a "JT,"

Defendants.

---

### SUPERSEDING INDICTMENT

S8 13 Cr. 521 (LTS)

(18 U.S.C. §§ 956(a), 924(c), 1956, 3238, and 2.)

---

PREET BHARARA
United States Attorney.

**A TRUE BILL**

July 14th, 2015      _[signature]_
                               Foreperson.

- TRUE BILL, SUPERSEDING INDICTMENT, ARREST WARRANT
- MAG. JUDGE RONALD L. ELLIS
- ~~wheeled out to J.~~

7-14-15   _[initials]_