UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                       No.  S9 13 CR 521-LTS

ADAM SAMIA and CARL DAVID
STILLWELL,

          Defendants.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

On December 13, 2016, this Court issued an Opinion and Order granting, in part,

Defendants' motion to dismiss the S9 Superseding Indictment (the "Indictment"). (Docket entry

no. 376 (the "December Opinion").) The Government now seeks reconsideration of the aspect of

the December Opinion that granted Defendants' motion to dismiss Counts One and Two of the

Indictment, which charged a conspiracy to commit murder-for-hire and murder-for-hire,

respectively, in violation of Section 1958(a) of Title 18 of the United States Code. U.S. v. Samia,

2016 WL 7223410, at *1 (S.D.N.Y. Dec. 13, 2016) (Swain, J.). The Court has considered the

submissions of both parties carefully and, for the reasons that follow, grants the Government's

motion for reconsideration and, on reconsideration, reinstates Counts One and Two of the

Indictment.

BACKGROUND

The Court assumes the parties' familiarity with the relevant facts of this case, which

are summarized in the December Opinion, and this memorandum opinion therefore sets forth only

the factual and procedural history relevant to the disposition of the instant motion.

Counts One and Two of the Indictment charged both Defendants with violations of 18 U.S.C. section 1958(a), which requires, in relevant part, that Defendants have used a facility of interstate or foreign commerce "with intent that a murder be committed in violation of the laws of any State or the United States." The Indictment alleges that the Defendants traveled in foreign commerce in connection with the murder of Catherine Lee, a non-U.S. national, in the Phillippines. See Samia, 2016 WL 7223410, at *1.

On August 19, 2016, Defendant Stillwell moved, inter alia, to dismiss Counts One and Two of the Indictment. (Docket entry no. 345.) In his memorandum of law in support of the motion, Stillwell argued that Section 1958 should not be read to have extraterritorial effect (i.e, application in connection with a murder that allegedly took place outside of the United States). In the course of making that argument, which the motion characterized as a "jurisdictional" challenge, Stillwell noted that "[d]espite Section 1958's reference to a murder in violation of any of the laws of the United States, the Government has identified no other homicide statute to close this jurisdictional loophole." (Docket entry no. 346, Mem. of Law in Support of Motion to Dismiss, p. 13 n. 8.) Defendant Samia later joined the motion. In response, the Government asserted that the Indictment sufficiently alleged violations of Section 1958 because it alleged that Defendants possessed "the intent to commit a murder in violation of Section 956," which the Government described as "the object murder offense." (Docket entry no. 349, Mem. of Law in Opposition, p. 15.)

At oral argument on the motion to dismiss, the Court asked the Government to clarify its position on this issue:

THE COURT: What is the murder prohibitive statute that the government contends the defendants formed an intent to violate

while in the United States?

MR. LOCKARD:  Yes, your Honor.  That is Count Three.  That is the murder in violation of Section 956.

THE COURT: 956 by its terms doesn't prohibit murder.  It criminalizes a conspiracy to commit murder. . . .

MR. LOCKARD: So, again, I think if you look at Section 1958, this is all about the intent of the parties at the time that they used the facilities of interstate commerce or at the time when they traveled in interstate commerce. . . . So the fact that 956 also criminalizes the conspiracy to commit a foreign murder I think is pretty consonant with what 1958 says, which is when you travel with that intent, right, the murder itself is inchoate at the time of the travel or at the time the facilities are used. So if there is that travel with that intent, which also is at the same time that the 956 violation was occurring, because this is a conspiracy that's been formed to commit that murder, then the intent of the defendants, right, has triggered 956. . . .

THE COURT: Is there no significance in the fact that in 1958(a) Congress specifically used the words ["]murder be committed in violation of the laws of the United States["], as opposed to ["]a murder-related crime be committed in violation of the laws of the United States["] or ["]with intent that a crime that would be a murder under the laws of the United States were it committed in the United States be committed there["]. . . .

> MR. LOCKARD: [Section 956] is a conspiracy statute, but it is a
> murder conspiracy statute, it is a kidnapping conspiracy statute,
> which I think is reflective of the fact that the statute, again, like 1958,
> is targeting the U.S. conduct, which is where the conspiracy is
> formed.

(Docket entry no. 371, Transcript, at 24:15-21, 26:8-23, 28:7-13, 29:11-15.)

In the December Opinion, the Court concluded that the Government did not sufficiently show that the <u>mens</u> <u>rea</u> requirement of Section 1958 could be met under the circumstances alleged in the Indictment because it did not show that Defendants intended to commit a murder that would have violated federal or state law. <u>Samia</u>, 2016 WL 7223410, at *4. The Court rejected the Government's argument that an intended violation of Section 956 was an intended "murder" for purposes of Section 1958, holding that "Section 956 addresses conspiracy to murder, not murder itself." <u>Id.</u> Accordingly, "[a]bsent a Federal or State law criminalizing the murder of a non-United States national abroad under the circumstances alleged in the Indictment, the Government cannot establish intent to commit a murder in violation of Federal or State law, which is a necessary component of the <u>mens</u> <u>rea</u> element of Section 1958." <u>Id.</u> The Court therefore dismissed Counts One and Two of the Indictment.

<h3 style="text-align:center">DISCUSSION</h3>

"The standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" <u>United States v. Gomez</u>, No. 08 CR 429-DLC, 2016 WL 2939163, at *2 (quoting <u>Analytical Surveys, Inc. v. Tonga Partners, L.P.</u>, 684 F.3d 36, 52 (2d Cir.

2012) (citation omitted)).  A motion for reconsideration may also be granted "when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted) (discussing a motion under the Federal Rules of Civil Procedure).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Analytical Surveys, 684 F.3d at 52 (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Because "federal crimes are solely creatures of statute, a federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute."  United States v. Aleynikov, 676 F.3d 71, 75–76 (2d Cir. 2012) (internal quotation marks and citations omitted).  In evaluating a motion to dismiss, the Court "accept[s] as true all of the allegations of the indictment."  United States v. Goldberg, 756 F.2d 949, 950 (2d Cir. 1985).

The Government's motion for reconsideration repeatedly characterizes the December Opinion as having held sua sponte that Section 956 was not an appropriate basis to satisfy the mens rea requirement of Section 1958, and argues that reconsideration is therefore appropriate to permit the parties to fully brief this question.  (See Mem. in Opposition, p. 3.)  As the record detailed above makes plain, this issue was addressed, albeit briefly, in the submissions of both parties relating to the original motion to dismiss.  More significantly, the Court specifically questioned the Government about this issue, which was the subject of an extended colloquy at oral argument on the motion.  During that colloquy, the Government relied repeatedly and exclusively

on Section 956 to demonstrate that Section 1958's <u>mens</u> <u>rea</u> requirement could be satisfied under the circumstances alleged in the Indictment, and did not at any time argue that any other statute was pertinent.  Nor did the Government request an opportunity to supplement its briefing after taking this position at oral argument.  Accordingly, the Government has not identified any controlling law or data that was presented to and overlooked by the Court, any change in controlling law, the availability of new evidence, or clear error warranting reconsideration. Although the instant motion is plainly an attempt to present a new theory of the Indictment based on a legal argument that was fully available to the Government in connection with the prior motion practice, the Court recognizes a substantial public interest in ensuring that the Government may pursue prosecutions based upon indictments that are legally sufficient, and therefore concludes that reconsideration is appropriate in this case to prevent manifest injustice.

In its motion for reconsideration, the Government advances the theory that Section 1958's <u>mens</u> <u>rea</u> requirement may be satisfied here by a consideration of intent to violate a different statute: 18 U.S.C. section 924(j)(1), which provides that "[a] person who, in the course of a violation of subsection (c) [of Section 924], causes the death of a person through the use of a firearm, shall . . . if the killing is a murder (as defined in section 1111 [of Title 18]), be punished by death or by imprisonment for any term of years or for life . . . ."  18 U.S.C.S. § 924(j)(1) (LexisNexis 2011).

Counts One and Two of the Indictment charge the Defendants with committing and conspiring to commit murder for hire in violation of 18 U.S.C. section 1958(a). That statute, in relevant part, makes it a crime to "travel[ ] in or cause[ ] another . . . to travel in interstate or foreign commerce . . . with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or

agreement to pay, anything of pecuniary value." 18 U.S.C.S. § 1958(a) (LexisNexis 2010).

The Government now argues that Section 1958's requirement that a defendant intend to commit "a murder . . . in violation of the laws of any State or the United States" can be satisfied by showing that Defendants intended to violate 18 U.S.C. section 924(j)(1). The Second Circuit has observed that "[Section] 924(j)'s authorization of the death penalty and life imprisonment likely indicate[] that it is a stand-alone offense whose elements must be found by a jury beyond a reasonable doubt." U.S. v. Young, 561 F. App'x 85, 94 (2d Cir. 2014).[1] Because Section 924(j)(1) incorporates the definition of murder set forth in 18 U.S.C. § 1111, and requires that a murder be committed in order to complete the offense, the Court concludes that intent to violate Section 924(j)(1) could provide the mens rea predicate for a conviction under Section 1958.

Count Four of the Indictment, which Defendants did not challenge in the underlying motion practice, charges them with violating Section 924(j)(1). In connection with the instant motion, however, Defendants argue that Section 924(j) does not criminalize the murder of a non-U.S. national abroad. Their argument is unavailing. The Second Circuit has held that Section 924(j) obtains its jurisdictional basis "by incorporating 18 U.S.C. § 924(c)." United States v. Lee, 660 F. App'x 8, 17 (2d Cir. 2016). Section 924(c)(1)(A) provides for jurisdiction over any person "who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm." 18 U.S.C.S. § 924(c)(1)(A) (LexisNexis 2011). The jurisdictional requirement of Section 924(c) is, thus,

---

[1] Defendants rely on U.S. v. Hall, 419 F. Supp. 2d 279, 289 (E.D.N.Y. 2005), for the contrary proposition that Section 924(j) "is fairly interpreted as an additional aggravating punishment for the scheme already set out in § 924(c)." Hall, however, is not binding on this Court, and significantly predates Young, which, while reaching the relevant conclusion in dicta, is of significantly greater persuasive value.

satisfied by showing that the defendant may be prosecuted in a United States court for a crime of violence. Here, this requirement is satisfied by Count Three of the Indictment, which charges a conspiracy to commit murder. See, e.g., United States v. Doe, 49 F.3d 859, 866 (2d Cir. 1995) ("Conspiracies that may properly be deemed crimes of violence include those whose objectives are violent crimes or those whose members intend to use violent methods to achieve the conspiracy's goals.").

The Court accordingly concludes that the Government has shown that there is a legal basis upon which the mens rea element of Section 1958 can be satisfied in the circumstances alleged in the Indictment, and Counts One and Two of the Indictment are reinstated.


CONCLUSION

For the foregoing reasons, the Government's motion for reconsideration of the December Opinion is granted and, on reconsideration, the Court vacates the December Opinion to the extent it dismissed Counts One and Two of the Indictment, and hereby reinstates those Counts as against both Defendants. This Memorandum Opinion and Order resolves docket entry no. 385.

The next pre-trial conference in this matter will take place on May 4, 2017, at 2:00 p.m.

SO ORDERED.

Dated: New York, New York
       March 13, 2017


                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        United States District Judge