UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ADAM SAMIA,

Defendant.

13-CR-521 (06) (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

After receiving a letter from Defendant Samia on April 2, 2023, the Court previously ordered the government to investigate the conditions of Mr. Samia's confinement at the Metropolitan Detention Center ("MDC"). *See* Dkt. 848. The Court further required the government to file a response, *see id.*, and the government did so—first, on May 12, *see* Dkt. 849, and second, on May 19, *see* Dkt. 850. In sum and substance, the government indicated that there was no indication that Mr. Samia had been denied access to commissary, medical care, or social or legal visits; and, after review of the administrative remedy records maintained by the Bureau of Prisons ("BOP"), the government could not identify any complaints made by Mr. Samia to the MDC Warden since his return to that facility. The Court has since received additional materials from Mr. Samia related to the conditions of his confinement at the MDC. Because these materials contain "sensitive information" as defined by the Southern District's ECF Privacy Policy, including medical information, the Court has not placed them on the public docket and has instead forwarded them to Mr. Samia's counsel for review.

To be sure, as another Court in this District recently observed, the MDC has recently been "hamstrung by staffing issues, quarantines due to COVID-19, and lockdowns due to security issues," which, among other things, often "make it impossible for attorneys to visit their clients." *United States v. Boyd*, 2022 WL 790771, at *2 (S.D.N.Y. Feb. 3, 2022). Moreover, "[t]he MDC, long

overcrowded, has recently had an influx of additional detainees due to the closure of the Metropolitan Correctional Center (MCC) and the transfer of the majority of its inmates to the MDC," only worsening these conditions. *Id.* Indeed, the confluence of these significant challenges to the MDC's operation are the subject of ongoing litigation before Judge Brodie in the Eastern District of New York.

Nevertheless, the Court advises Mr. Samia and his counsel that, to the extent that he seeks to raise claims related to the conditions of his confinement at the MDC, he must first exhaust them within the BOP. *See* 42 U.S.C. § 1997e(a) (providing that "[n]o action shall be brought with respect to prison conditions under … any … Federal law, by a prisoner in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *see also Cruz v. Hastings*, 2022 WL 1050795, at *5 (S.D.N.Y. Jan. 31, 2022) (citing same). This requirement encompasses any inmate action "about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011). Similarly, to the extent Mr. Samia is attempting to argue for compassionate release on the basis of alleged conditions of confinement, he must first exhaust any administrative remedies available to him. *See United States v. Scparta*, 567 F. Supp. 3d 416, 421 (S.D.N.Y. 2020). Even then, the Court may only grant such motion where it finds release warranted by the particularly high bar of "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A).

SO ORDERED.

Dated:    June 14, 2023
          New York, New York

          Hon. Ronnie Abrams
          United States District Judge