UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ADAM SAMIA,

Defendant.

No. 13-cr-521 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On January 24, 2025, Mr. Samia submitted a letter requesting that the Government return various items of personal property that had been seized, including paperwork, bills, a living trust, electronics ("phones, computers, tablet, iPad, mp3"), two firearms and two suppressors. Dkt. No. 922. The Government responded that it had a legitimate need to retain these items in case of a retrial, as Samia had recently appealed his new sentence and had suggested that he might also file a Section 2255 Petition. Dkt. No. 923. The Court then ordered the Government to clarify which pieces of evidence would be used at a retrial, noting that it bore the burden of "demonstrat[ing] that it has a legitimate reason for retaining the seized property." Dkt. No. 930 (quoting *Allen v. Grist Mill Cap. LLC*, 88 F.4th 383, 396 (2d Cir. 2023)). The Government did so on May 2, 2025, explaining that it retained an interest in keeping "39 trial exhibits" including "the key used to start the van in which the defendant murdered Catherine Lee; multiple paper documents evidencing, among other things, Samia's travel and association with LeRoux and Echelon Associates; and electronic devices including a laptop, USB drive, and digital camera." Dkt. No. 936. It conceded, however, that the other seized evidence could be returned to Mr. Samia's family, including the other electronics and paperwork. *See id.* at 1–2. The Government also explained that the firearms

(and presumably also the suppressors) were in the custody of the local sheriff's office but that it would not object to their release to Mr. Samia's family. *Id.* at 2.

The Court agrees with the Government that it may retain the 39 trial exhibits in case Mr. Samia is retried, given that those pieces of evidence all directly relate to Mr. Samia's case and would be relevant at a retrial. *See United States v. Kourani*, No. 17-cr-417 (AKH), 2022 WL 19762, at *1 (S.D.N.Y. Jan. 3, 2022) ("The Government retains an interest in the evidentiary value of seized property until the defendant exhausts his remedies or otherwise waives his right to institute any subsequent challenges to his conviction because the property would have evidentiary value in the event a defendant's conviction is overturned and a retrial ordered." (alterations and internal quotation marks omitted)). Once Mr. Samia's appellate and post-conviction remedies are exhausted, the Government shall return this property to him, and he may write the Court to request their release if the Government fails to do so.

As the Government has agreed, the remaining evidence may be returned to Mr. Samia's family, including other electronics and paperwork. Because the firearms remain in the custody of the Person County Sheriff's Office, not the Government itself, Mr. Samia's family may contact the sheriff's office directly to request their release, to the extent they are permitted to take possession of them under applicable law.

The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Samia (30984-057) at Federal Correctional Institution, P.O. Box 1000, Cumberland, MD 21501-1000.

SO ORDERED.

Dated:     September 5, 2025
           New York, New York

_____
Ronnie Abrams
United States District Judge